UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deepak Gope Asrani,                                       Civil No. 07-1673 (JRT/FLN)

      Plaintiff,

v.                                                                       **REPORT AND RECOMMENDATION**

Michael Chertoff, et. al.,

      Defendants.

_____

*Pro se* Plaintiff.
Mary Madigan, Assistant United States Attorney, for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 10, 2007, on Defendants' Motion to Dismiss [#4] and Plaintiff's Motion for Default Judgment [#10]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends Defendants' Motion be denied and Plaintiff's Motion be denied.

**I.     FINDINGS OF FACT**

Petitioner Deepak Gope Asrani is an Indian citizen. (Declaration of Rebecca Arsenault Herize ("Herize Decl."), ¶6.)  On May 13, 2003, he was admitted to the United States as a non-immigrant H-1B temporary worker. (Herize Decl. ¶ 6.) On March 18, 2005, Petitioner filed a Form I-485 with the United States Citizenship and Immigration Services ("USCIS") to adjust his status to lawful permanent resident.  (Herize Decl. ¶ 6.)  The adjustment of status is based upon his marriage to a United States citizen.  (Herize Decl. ¶ 6.)  On April 7, 2005, USCIS initiated a mandatory FBI name check. (Herize Decl. ¶ 6.)  In order for the name check to be conducted, Petitioner was fingerprinted on April 14, 2005. (Herize Decl. ¶ 6.)  Petitioner was re-fingerprinted

on October 18, 2006, because the fingerprints only remain valid for a fifteen month period.[1] (Herize Decl. ¶ 6.) In the thirty months since Petitioner filed his application for an adjustment of status, Petitioner's mandatory FBI name check has not been completed and USCIS has not adjudicated his application. (Herize Decl. ¶ 6.) As of May 29, 2007, the St. Paul office of USCIS had 406 name check requests that had been pending longer than Plaintiff's request. (Herize Decl. ¶ 9.)

The FBI name check is a prerequisite to the adjudication of an application for adjustment of status to lawful permanent residence. (Herize Decl. ¶¶ 2-3.) The FBI name check is a search of FBI investigative databases. (Herize Decl. ¶ 4.) The purpose of the of the name check is to assure that the applicant is not a risk to national security or public safety. (Herize Decl. ¶ 2.) FBI name checks are processed on a first-in/first-out basis. (Herize Decl. ¶ 10.) The majority of name checks are processed in 48-72 hours with many others conducted in 60-90 days; some cases, such as Plaintiffs, take much longer. (Herize Decl. ¶ 5.)

## II.    STANDARD OF REVIEW

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by

---

[1] The FBI Criminal Justice Information Services's web page titled "Fingerprint Identification" states: "No two persons have exactly the same arrangement of ridge patterns, and the patterns of any one individual remain unchanged throughout life. Fingerprints offer an infallible means of personal identification." Federal Bureau of Investigation Criminal Justice Information Services Division, Fingerprint Identification: An Overview, http://www.fbi.gov/hq/cjisd/ident.htm. During the hearing on this matter, the undersigned inquired as to why the fingerprints, which remain unchanged throughout life, are only valid for a period of time and Respondents' counsel could not provide an explanation. In light of the information provided by the FBI's website and the Defendant's counsel, the Court does not understand how a set of fingerprints can "expire" after 15 months.

Congress pursuant thereto. *See Marine Equipment Management Co. v. U.S.*, 4 F.3d 643, 646 (8th Cir. 1993), citing *Bender v. Williamsport Area High School Dist.*, 475 U.S. 534, 541 (1986). A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. *See Bradley v. American Postal Workers Union, AFL-CIO,* 962 F.2d 800, 802 n.3 (8th Cir. 1992). When it appears the court lacks jurisdiction, jurisdiction may not be waived. *See Agrashell Inc. v. Hammons Products Co.*, 352 F.2d 443, 447 (8th Cir. 1965). The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate. *V.S. Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### III.   LEGAL ANALYSIS

**A.   Plaintiff Has Established Subject Matter Jurisdiction Under the Mandamus Act.**

Plaintiff seeks a writ of mandamus to compel the USCIS to adjudicate his application for readjustment. To that end, Plaintiff asserts subject matter jurisdiction under the Mandamus Act, 28 U.S.C. §1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. The Mandamus Act provides for subject matter jurisdiction only in extraordinary circumstances and when (1) the plaintiff has a clear and indisputable right to the relief he seeks, (2) the defendant has a non-discretionary duty to honor that right, and (3) the plaintiff has a lack of an alternative, adequate remedy. *See Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006);   *Haidari v. Frazier*, No. 06-3215 (DWF/AJB), 2006 WL 3544922, at *3 (D.Minn. Dec. 8, 2006);   *Chaudry v. Chertoff*, No. 06-1303 (PAM/JSM), 2006 WL 2670051, at *2 (D.Minn. Sept. 18, 2006).

**1.   Plaintiff has a clear and indisputable right to have his application adjudicated within a reasonable time.**

Plaintiff seeks the adjudication of his application for adjustment of his status to lawful permanent resident. In his Complaint, Plaintiff has plead that he has a right to adjudication of his petition within a reasonable period of time. (Compl. ¶¶ 25-26.) Defendants argue that the USCIS does not have a duty to adjudicate and Plaintiff does not have a right to the adjudication of his application. Defendants also argue that even if they do have a duty to adjudicate, they are not required to perform the adjudication within any temporal limitations.

Under 8 U.S.C. 1255(a):

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Defendants argue that the word "may" indicates that the Attorney General, or USCIS, as the Attorney General has vested jurisdiction of applications for adjudication with USCIS, does not have a duty to adjudicate any application. However, the word "may" is followed by the words "be adjusted", which makes it clear that the use of the word "may" gives a permissive duty to grant an adjustment of status, not a permissive duty to adjudicate. Furthermore, 8 C.F.R. §245.2(a)(5)(i) states "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." This language makes it clear that USCIS has a duty to actually make a decision and the Plaintiff has a right to be notified of the decision.

Defendants assert that Plaintiff has no right to the adjudication of his application within any period of time. However, the Administrative Procedures Act ("APA"), 5 U.S.C. 555(b), requires

adjudication "within a reasonable time." *See Haidari*, 2006 WL 3544922, at *4. Therefore, the Plaintiff has a right to have the USCIS adjudicate his applicaiton within a reasonable time.

**2.     The Defendants' duty to adjudicate Plaintiff's application is not discretionary.**

Defendants argue that subject matter jurisdiction is not appropriate under the Mandamus Act because the adjudication of applications is at the discretion of the Attorney General under § 1255(a). Additionally, Defendants argue that the Immigration and Nationality Act has divested this Court of jurisdiction over this type of claim. The Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B), states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review–
> . . .
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

The Court disagrees that whether or not to adjudicate an application is a discretionary duty. The discretionary aspect discussed in §1255(a) and § 1252(a)(2)(B) is the ultimate decision to grant or deny an application, not whether to adjudicate. *See Haidari*, 2006 WL 3544922, at *4. It is clear that Plaintiff only seeks a decision on his application. In no way does Plaintiff seek a writ of mandamus compelling favorable adjudication, nor could he because this Court does not have jurisdiction over such a claim.

**3.     Plaintiff does not have an alternative, adequate remedy.**

Defendants argue that Plaintiff's remedy is to continue to wait. As the Court stated in *Haidari*, "Defendants miss the point. The question is whether the Plaintiff [has an] adequate, alternative remedy to address this very issue: the fact [he is] still waiting." *Id*. at *5.

Furthermore, nothing in the record suggests that waiting would be an adequate remedy. The Defendants stated that 406 names checks in the Saint Paul office are ahead of Plaintiff's name check. However, the record does not indicate the rate these name checks are conducted: i.e. one per day, one per week, one per month or one per year. Nothing in the record allows the Court to conclude when Plaintiff's name check would be returned or if it will be returned at all. Considering the length of time that the Plaintiff has already waited and the uncertain amount of time he will continue to wait; outside of seeking redress from this Court, no other remedy exists.

Plaintiff has established subject matter jurisdiction under the Mandamus Act by showing that he has a right to adjudication of his application within a reasonable period of time, the Defendants have a non-discretionary duty to adjudicate his application, and he does not have an alternative, adequate remedy. Since the Court finds that subject matter jurisdiction has been established under the Mandamus Act, the Defendants' motion to dismiss for a lack of subject matter jurisdiction must be denied.

**B.     Plaintiff's Motion for Default Judgment Does Not Have Merit.**

Plaintiff seeks an entry of default under Rule 55 of the Federal Rule of Civil Procedure. Plaintiff alleges that the Defendants have failed to timely plead, answer, or otherwise defend. Defendant Frazier was the first Defendant served and she was served on March 28, 2007. The Defendants had 60 days to reply, which required Defendant Frazier to reply by May 29, 2007.[2] Fed.

---

[2]Memorial day fell on May 28, 2007, therefore May 29, 2007, was the sixtieth day.

R. Civ. P. 12(a)(1)(B). All the Defendants filed the Motion to Dismiss [#4] on May 29, 2007. Since the Defendants brought their Motion to Dismiss [#4] in time, Plaintiff's Motion for Default Judgment [#10] must be denied.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [#4] and Plaintiff's Motion for Default Judgment [#10] be **DENIED**.


DATED: October 15, 2007	s/ Franklin L. Noel
	FRANKLIN L. NOEL
	United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 1, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 1, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.